UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL PORCELLO,<br><br>                Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL, LLC F/K/A GREEN TREE SERVICING LLC, BANK OF AMERICA, N.A. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>                Defendants. | Civ. Action. No. |

## NOTICE OF REMOVAL

TO:   The Honorable Judges of the United States District Court for the District of Massachusetts

Pursuant to 28 U.S.C. §§ 1441 *et seq.* Defendants Ditech Financial LLC ("Ditech") and Federal National Mortgage Association ("Fannie Mae") remove the action captioned *Michael Porcello v. Ditech Financial, LLC, et al.*, now pending in the Massachusetts Superior Court, Hampden County, to the United States District Court for the District of Massachusetts. In so doing, Ditech and Fannie Mae state the following:

    1.    On or about December 23, 2015, Michael Porcello (the "Plaintiff") filed a Complaint in Hampden County Superior Court against Ditech, Fannie Mae, and Bank of America, N.A.

    2.    On or about December 28, 2015, Ditech received a copy of the Complaint and Plaintiff's Ex-Parte Emergency Motion for Temporary Restraining Order and Hearing for Preliminary Injunction. A copy of the documents received by Ditech are attached as **Exhibit A**.

1

Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely as it is filed within thirty (30) days of Defendants' receipt of the Complaint.[1]

3. This Court has original subject matter jurisdiction over this action on the basis of 28 U.S.C. § 1332.

4. First, there is complete diversity of citizenship between Plaintiff and the defendant. Plaintiff is a citizen and resident of Massachusetts. Complaint, ¶¶ 1, 5. Fannie Mae is a national association with a principal place of business located in Washington, DC. Complaint, ¶ 6. Bank of America, N.A. ("BANA") is a national association with a principal place of business in Charlotte, North Carolina. Complaint, at ¶ 8. Ditech is a foreign limited liability company. For diversity purposes, "citizenship of a limited liability company is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). Here:

- The members of Ditech Financial LLC are Green Tree Licensing LLC, a Delaware limited liability company with its principal office in Minnesota and Green Tree Servicing Corp., a Delaware corporation with its principal office in Minnesota.

- The sole member of Green Tree Licensing LLC is Green Tree Investment Holdings II LLC, a Delaware limited liability company with its principal office located in Minnesota.

- The sole member of Green Tree Investment Holdings II LLC is Green Tree Credit Solutions LLC, a Delaware limited liability company with its principal office located in Minnesota.

---

[1] On December 29, 2015, Plaintiff filed a notice of voluntary dismissal. On December 31, 2015, Plaintiff withdrew the notice of voluntary dismissal and requested a hearing on the request for injunctive relief, which was scheduled for January 5, 2016 at 2:00 p.m. A copy of the Order received from the Superior Court is attached as **Exhibit B**.

- The sole member of Green Tree Credit Solutions LLC is Walter Investment Management Corp., a Maryland corporation with its principal office located in Florida.

There is, therefore, complete diversity of citizenship.

5.  Second, the amount in controversy exceeds $75,000. In the Complaint, Plaintiff alleges that he received a loan in the amount of $348,500 and signed a note and a mortgage granting BANA a security interest in property located at 11 Harwich Road, Longmeadow, Massachusetts (the "Property"). Complaint, ¶ 12; Note and Mortgage, copies of which are attached as **Exhibit C**. Plaintiff alleges that on June 12, 2012, he sent a notice to BANA rescinding the loan but that BANA failed to rescind the loan or discharge the Mortgage. Complaint, at ¶¶ 2, 4, 13, 14. On June 11, 2013, BANA assigned the Mortgage to Ditech (formerly known as Green Tree Servicing LLC). Assignment, a copy of which is attached as **Exhibit D**. On December 7, 2015, Ditech (through counsel) provided Plaintiff with notice that a foreclosure sale of the Property was scheduled for January 6, 2016. Notice of Mortgage Foreclosure Sale, a copy of which is attached as **Exhibit E**. Plaintiff filed this action on December 23, 2015. He requests an order rescinding his $348,500 loan and Mortgage, seeking a return of all monies paid toward the loan, and enjoining Ditech's foreclosure sale of the Property.

6.  The amount in controversy exceeds $75,000 because Plaintiff seeks to rescind a loan in the amount of $348,500 and invalidate the Mortgage. Further, "[i]n cases that seek equitable relief against foreclosure sales, the fair market value of the property . . . foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction." Morse v. Residential Credit Solutions, Inc., No. 11-12275, 2012 WL 458492, at *1 (D. Mass. Feb. 13, 2012) (Zobel, J.); see also Bedard v. Mortgage Elec. Registration Sys., Inc.,

No. 11-CV-117-JL, 2011 WL 1792738, at *2 (D.N.H. May 11, 2011) (LaPlante, J.) (collecting cases); Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). Here, Plaintiff seeks an order preventing Ditech from selling the Property at a foreclosure sale. Thus, the value of the Property is the proper measure for the amount in controversy. The assessed value of the Property is currently $332,100. A copy of the Town of Longmeadow Assessing Department's Property Card is attached hereto as **Exhibit E**. The amount in controversy, therefore, exceeds $75,000.

7. As a result, this Court has original subject matter jurisdiction over this action on the basis of 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants and because the matter in controversy exceeds $75,000.

8. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Massachusetts Superior Court.

9. Pursuant to Local Rule 81.1(c), within fourteen (14) days of filing this Notice of Removal, Defendants will file certified or attested copies of the state court record in this Court.

**WHEREFORE**, Ditech and Fannie Mae request that the above action now pending against it in the Massachusetts Superior Court, Hampden County, be removed therefrom to this Court.

DITECH FINANCIAL LLC AND
FEDERAL NATIONAL MORTGAGE
ASSOCIATION

By its attorneys,

*/s/ Amy B. Hackett*

Dated: January 4, 2016

Richard Briansky (BBO# 632709)
Amy B. Hackett (BBO# 676345)
McCarter & English LLP
265 Franklin Street
Boston, MA 02110
Phone: (617) 449-6500
rbriansky@mmcarter.com
ahackett@mccarter.com

**CERTIFICATE OF SERVICE**

I, Amy B. Hackett, certify that on January 4, 2016, I served a copy of the foregoing document on counsel for all parties by delivering a copy of the same by overnight mail:

Michael Porcello
11 Harwich Road
Longmeadow, MA 01106

*/s/ Amy B. Hackett*
Amy B. Hackett