# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
12/28/2015
CT Log Number 528392432

TO:     Alicia Smith
        Ditech Financial LLC
        345 Saint Peter St Ste 1400
        Saint Paul, MN 55102-4410

RE:     **Process Served in Massachusetts**

FOR:    Ditech Financial LLC  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael V. Porcello, Pltf. vs. Ditech Financial LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons and Order, Proof of Service, Statement(s), Ex-Parte Motion(s), Verified Complaint, Verification(s), Memorandum(s), Certificate(s), Order(s) |
| **COURT/AGENCY:** | Commonwealth of Massachusetts - Superior Court Department, MA Case # 15914 |
| **NATURE OF ACTION:** | Plaintiff's Ex-Parte Motion for Temporary Restraining Order and Hearing for Preliminary Injunction |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/28/2015 at 14:14 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | 01/06/2016 at 04:00 p.m. |
| **ATTORNEY(S) / SENDER(S):** | Harmon Law Offices, P.C. 150 California Street Newton, MA 02174 617-558-0500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/29/2015, Expected Purge Date: 01/03/2016 |
| | Image SOP |
| | Email Notification,  Becky Karnitz  rebecca.e.karnitz@greentreecreditsolutions.com |
| | Email Notification,  Alicia Smith  Alicia.smith@ditech.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 155 Federal St Ste 700 Boston, MA 02110-1727 |
| **TELEPHONE:** | 617-757-6404 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.   15-924

MICHAEL V. PORCELLO _____, Plaintiff (s)

DITECH FINANCIAL LLC f/k/a GREEN TREE SERVICING LLC,
BANK OF AMERICA, N.A. and FEDERAL MORTGAGE
NATIONAL ASSOCIATION _____, Defendant(s)

## SUMMONS AND ORDER OF NOTICE

To the above-named Defendant(s):

You are hereby summoned and required to serve upon   Michael V. Porcello
plaintiff's attorney, whose address is 11 Harwich Road, Longmeadow, MA 01106
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this
court at Springfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have
against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim
or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint here's
Plff's. ex-parte motion for Temporary restraining order and hearing for
preliminary injunction and that a hearing upon such application will be held at the court house at said Springfield in
the ___A___ session without jury of our said court on ___Tuesday___ the ___29th___ day of ___December___ A.D.
2015, at ___2:00___ o'clock p.m. , at which you may appear and show cause why such application should not be
granted.

Witness, Judith Fabricant, Esquire, at Springfield the _____ 23rd _____ day of
December _____ in the year of our Lord two thousand fifteen _____ .

A true copy Attest
12/28/15 _____
Deputy Sheriff Suffolk County

Laura S. Gentile, Esquire
CLERK OF COURTS

## NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate
   summons is used for each defendant, each should be addressed to the particular defendant.

No. 4

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, I served a copy of the within summons and restraining orders, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:                          _____

**N.B.** *TO PROCESS SERVER:*
**PLEASE PLACE** *DATE* **YOU MAKE SERVICE ON DEFENDANT IN THIS BOX** *ON THE ORIGINAL* **AND ON COPY SERVED ON DEFENDANT.**

(                                              )
(                                              )
(                                              )

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 15  914 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** MICHAEL PORCELLO

**ADDRESS:** 11 HARWICH RD
LONGMEADOW MA. 01095
413-736-3611  567-2423

**COUNTY**

**DEFENDANT(S):** DITECH FINANCIAL LLC f/k/a
Tree Servicing LLC. BANK OF
AMERICA MA. and Federal Mortgage
NATIONAL Association

**ATTORNEY:** Terryn Ford (NOT Represented
By Law)

**ADDRESS:** 1365 MAIN ST.
SPFLD MA
Phone 413 796 3611

**ADDRESS:**

**BBO:**

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| C03 | DISPUTE COM.OWN/INE TITLE | F | ☐ YES   ☒ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ..................................................... $
2. Total doctor expenses ....................................................... $
3. Total chiropractic expenses ............................................... $
4. Total physical therapy expenses ......................................... $
5. Total other expenses (describe below) ................................. $
                                                        Subtotal (A): $

B. Documented lost wages and compensation to date ........................................ $
C. Documented property damages to dated ...................................................... $
D. Reasonably anticipated future medical and hospital expenses ...................... $
E. Reasonably anticipated lost wages ............................................................... $
F. Other documented items of damages (describe below) ................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury;

                                                        TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                                        TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X                         Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                         Date:

23 DEC 2015

# Commonwealth of Massachusetts
# Trial Courts of the Commonwealth
# Superior Court Department

Hampden, SS}

Case No. **15  914**

*[handwritten: Start order of notice to issue for Tues, Dec 29, 2015]*

MICHAEL V. PORCELLO,
    Plaintiff

vs.

DITECH FINANCIAL LLC f/k/a/ GREEN
TREE SERVICING LLC. BANK OF
AMERICA, N.A. and FEDERAL
MORTGAGE NATIONAL ASSOCIATION,

Defendants.

**HAMPDEN COUNTY
SUPERIOR COURT
FILED**

**DEC 23 2015**

*[signature]*
CLERK OF COURTS

*[handwritten: 12/20/15]*
*[handwritten: RS]*

## PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND

## HEARING FOR PRELIMINARY INJUNCTION

The plaintiff in the above-entitled action moves this Honorable Court, pursuant to Mass. R.

Civ. P. 65(A), for an order restraining the defendants from conducting the foreclosure auction

scheduled for January 6, 2016, at 4:00 p.m. and from conducting any further foreclosure

auction(s) regarding the property located at 11 Harwich Road, Longmeadow, Hampden County,

Commonwealth of Massachusetts.

In support of the within motion, the plaintiffs rely on the allegations contained in their

Verified Complaint and further states as follows:

1.    Plaintiffs property is due to be sold at a foreclosure sale on Wednesday, January 6, 2016.

This is an emergency request to preserve the status quo.

*[handwritten at bottom: 12-23-15  R.lld — all Numbers — Lm for H + D  CCR + Faxed  3]*

# Commonwealth of Massachusetts
# Trial Courts of the Commonwealth
# Superior Court Department

Hampden, SS}                                    Case No. _____

|                                                            |                                       |
| :--------------------------------------------------------- | :------------------------------------ |
| MICHAEL V. PORCELLO,<br>    Plaintiff )<br>)<br>)<br>vs. )<br>)<br>DITECH FINANCIAL LLC f/k/a/ GREEN )<br>TREE SERVICING LLC. BANK OF )<br>AMERICA, N.A. and FEDERAL )<br>MORTGAGE NATIONAL )<br>ASSOCIATION, )<br>)<br>Defendants. )<br>) | **VERIFIED COMPLAINT**<br>**WITH JURY DEMAND** |

### COMPLAINT FOR VIOLATION OF THE MASSACHUSETTS CONSUMER CREDIT COST DISCLOSURE ACT (MASS. G. L. CHAPTER 140D)

### INTRODUCTION

1. The Plaintiff, Michael V. Porcello, brings this action to enforce the mortgage loan rescission of his home at 11 Harwich Road, Longmeadow, Hampden County, Massachusetts.

2. The Mortgage and loan were dated November 25, 2009.  This was rescinded under Mass. G. L. c. 140D § 10, sent to the mortgagee June 12, 2012.

3. Under c. 140D § 10, the mortgagee was allowed 20 days after receipt in which to tender to the lender all amounts paid to anyone in connection with the loan, record the status of the loan as unsecured, and then await the corresponding tender of the borrower.

4. Instead, the mortgagee did nothing.  The Plaintiff demands justice and the law under Mass. G. L. c. 140D, the Consumer Credit Cost Disclosure Act (CCCDA), be enforced.

### PARTIES

5. Plaintiff Michael V. Porcello has as his principal residence and mailing address 11 Harwich Road, Longmeadow, Hampden County, Massachusetts.

6. Upon information and belief, the Defendant Federal National Mortgage Association (hereinafter referred to as "FNMA") is corporation with a principal office address of 3900 Wisconsin Ave, N.W., Washington, DC 20016.

7. Defendant Ditech Financial LLC is, according to the records of the Secretary of the Commonwealth, located at 3000 Bayport Dr., Ste. 880, Tampa, FL 33607, and its resident agent is C T Corporation System, 155 Federal Street Ste 700, Boston, MA 02110.

8. Defendant Bank of America has an address of 100 North Tryon St. Charlotte, NC 28202, according to the records of the Federal Deposit Insurance Corporation.

## JURISDICTION AND VENUE

9. This Court has Jurisdiction over the Defendants as they have purposefully availed itself of the jurisdiction of this Court pursuant to the Massachusetts Long Arm statute.

10. This Court has *in rem* jurisdiction as the principal matter in controversy concerns the title to real property located within said Hampden County.

11. Venue is satisfied because the property in question is located within this Hampden County, being at 11 Harwich Road, Longmeadow, Massachusetts 01106.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff Michael V. Porcello gave the underlying mortgage on November 28, 2009 to Bank of America, N.A., 2 Jericho Plaza Suite 4126, Jericho NY 11753 loan recorded as a first position lien at Book 18112, Page 97 of the Hampden County Registry of Deeds. This mortgage secures a Note dated November 28, 2009, in the amount of $348,500.00.

13. On or about June 22, 2012, Plaintiff gave notice of rescission under CCCDA to the lender at the above address.

14. No response to the Notice of Rescission was ever received from the lender or any agent.

## COUNT I - VIOLATION OF CCCDA

15. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

16. Pursuant to G. L. c. 140D § 10(b), the creditor must return all money or property given in connection with the loan, within 20 days, and "shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." Defendants did none of these things.

17. After the creditor has performed its obligations under this section c. 140D § 10(b), within the 20 days after receiving the notice that the obligor has exercised his right to rescind under c. 140D § 10(a), the obligor shall then tender the property or its reasonable value to the lender, but if the creditor does not take possession of the property within twenty days after tender of the obligor, ownership of the property rests in the obligor without obligation on his part to pay for it.

2

18. The forty days elapsed having after the Notice of Rescission was received by the lender, with no objection from the lender or its agent(s), namely the servicer(s), the rescission is irrevocable.

19. However, the mortgage remains on record and not having been discharged with the Registry.

20. Defendant is also required to return to Plaintiff all amounts paid in connection with the loan.

21. WHEREFORE, Debtor demands that the loan recorded as a first position lien at Book 18112, Page 97 of the Hampden County Registry of Deeds dated November 28, 2009, in the amount of $348,500.00. be discharged and of no further effect, along with return to Plaintiff all amounts paid in connection with the loan.

## COUNT II - QUIET TITLE

22. Plaintiff repeats and realleges whether or not more fully set forth below all allegations that have been made in Paragraphs 1 through 21..

23. Plaintiff, served his notice of rescission upon the mortgagee within the time allowed.

24. The Mortgage is void and of no effect.

25. Mortgagee is required to record a discharge of the mortgage and take no further act to attempt to enforce the void lien interest.

26. WHEREFORE, the Plaintiff prays for an Order requiring the Defendants to take any action necessary or appropriate to reflect the termination of any security interest.

## JURY TRIAL

27. Plaintiffs demand for a trial by Jury Trial to the extent that that right has been heretofore enjoyed to have this matter tried by a jury of their peers.

## CONCLUSION

28. Plaintiff prays of this Honorable Court rule the Home Loan unenforceable and of no effect;

29. Plaintiff prays the Mortgage on his home be set aside and discharged;

30. Plaintiff demands the return of all amounts paid in connection with the home loan;

31. Plaintiff asks for his fair and reasonable attorney fees; and

32. Plaintiff asks this Court award any other relief which the interests of justice may require.

Respectfully Submitted,

_Michael V. Porcello_
Michael V. Porcello, Plaintiff

Dated: December 23, 2015

3

## VERIFICATION

I, Michael V. Porcello, hereby state as follows:

1.  I am a Plaintiff in the above-captioned matter.

2.  I have read the foregoing Complaint and declare the statements there on my behalf to be true and correct to the best of my individual knowledge and belief.

Signed under pains and penalties of perjury this 23rd day of December, 2015.

_____
Michael V. Porcello

4

## Certificate of Service

I hereby certify that the above-captioned COMPLAINT FOR VIOLATION OF THE MASSACHUSETTS CONSUMER CREDIT COST DISCLOSURE ACT was served by first class mail on the attorneys for the Defendants:

Harmon Law Offices, P.C.                          (for Defendant Ditech Financial LLC Company)
150 California Street
Newton, MA 02174
617-558-0500


together with notice that the same will be brought forward this day in the Superior Court holden in Springfield, Massachusetts.

Signed this 23rd day of December, 2015.

*Michael V. Porcello, Plaintiff*

# Commonwealth of Massachusetts
# Trial Courts of the Commonwealth
# Superior Court Department

Hampden, SS}                    Case No. _____

```
                              )
──────────────────────────────)
MICHAEL V. PORCELLO,          )
        Plaintiff             )
                              )
vs.                           )
                              )
DITECH FINANCIAL LLC f/k/a/ GREEN )
TREE SERVICING LLC. BANK OF   )
AMERICA, N.A. and FEDERAL     )
MORTGAGE NATIONAL ASSOCIATION,)
                              )
Defendants.                   )
──────────────────────────────)
                              )
```

## PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND

## HEARING FOR PRELIMINARY INJUNCTION

The plaintiff in the above-entitled action moves this Honorable Court, pursuant to Mass. R.

Civ. P. 65(A), for an order restraining the defendants from conducting the foreclosure auction

scheduled for January 6, 2016, at 4:00 p.m. and from conducting any further foreclosure

auction(s) regarding the property located at 11 Harwich Road, Longmeadow, Hampden County,

Commonwealth of Massachusetts.

In support of the within motion, the plaintiffs rely on the allegations contained in their

Verified Complaint and further states as follows:

1.   Plaintiffs property is due to be sold at a foreclosure sale on Wednesday, January 6, 2016.

This is an emergency request to preserve the status quo.

2.    Plaintiff sent Bank of America, N.A., then the loan servicer of record and mortgagee, June

12, 2012, certified mail with return receipt.  The mortgagee never responded to the rescission.

3.    Plaintiff incorporates his Memorandum of Law for the advice of the Court.

WHEREFORE, Plaintiff prays of this Court issue an injunction against the threatened

foreclosure, and for such other relief which the Court finds is in the interests of justice.

Respectfully Submitted
Michael Porcello, Plaintiff

Dated:  December 23, 2015

Certificate of Service

I hereby certify that the above-captioned Ex Parte Motion was served by first class mail on the attorneys for the Defendants:

Harmon Law Offices, P.C.                      (for Defendant Ditech Financial LLC
150 California Street                          Company)
Newton, MA 02174
617-558-0500

together with notice that the same will be brought forward this day in the Superior Court holden in Springfield, Massachusetts.

Signed this 23rd day of December, 2015.

_____
Michael V. Porcello, Plaintiff

# Commonwealth of Massachusetts
## Trial Courts of the Commonwealth
## Superior Court Department

Hampden, SS}                                    Case No. _____

```
------------------------------          )
                                        )
MICHAEL V. PORCELLO,                    )
        Plaintiff                       )
                                        )
vs.                                     )
                                        )
DITECH FINANCIAL LLC f/k/a/ GREEN       )
TREE SERVICING LLC. BANK OF             )
AMERICA, N.A. and FEDERAL               )
MORTGAGE NATIONAL ASSOCIATION,          )
                                        )
Defendants.                             )
                                        )
------------------------------          )
                                        )
```

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ENJOIN FORECLOSURE SALE

The Plaintiffs, offers this Memorandum in Support of his Motion to Restrain defendants from

foreclosing their mortgage or otherwise alienating, transferring, refinancing or selling his property for

the benefit of the Court in rendering its decision, setting out the facts, in addition to the allegations of

the Motion, in the discussion below.

### A. Discussion of Relevant Facts.

1. A central issue in this case is whether or not there is a valid security interest in the mortgage

   loan recorded as a first position lien at Book 18112, Page 97 of the Hampden County Registry

   of Deeds. This mortgage secures a Note dated November 28, 2009, in the amount of

   $348,500.00.

2. The loan papers were signed November 28, 2009.

3. The Plaintiff Michael Porcello sent a Notice of Right to Cancel (NORTC) on or about June 12,

1

2012, within the four year extended rescission period canceling the loan and voiding the mortgage,. The NORTC was sent to the Defendant Bank of America, N.A. as lender and the only known servicer.

4. The NORTC was delivered certified mail and a return receipt sent to Plaintiff. Defendants have made no other response to the NORTC.

5. Defendant Ditech Financial LLC, claiming to have an assignment of the mortgage, has nevertheless noticed a foreclosure auction to be held at 4:00 p.m. on January 6, 2016[1], and the Plaintiff is asking this Court for an Injunction to issue before that time, and that a Preliminary Injunction follow after notice and hearing.

### B. Whether a preliminary injunction should issue.

6. The standards for issuing a temporary injunction are familiar. In the context of the action of mortgagors contesting the validity of the mortgage loan, this has been discussed in *SMS Financial V, LLC v. Conti.*, 68 Mass. App. Ct. 738, 748 (2007). In this case, the Appeals Court described factors including

    (a) the possibility of irreparable harm to the homeowners and

    (b) the purpose of maintaining the status quo pending resolution of the dispute

as being determinative in the particular context.

7. In *Matrix Group v. Rawlings Sporting Goods*, 378 F.3d 29 (1st Cir. 2004), the court listed four prongs to the test for granting a preliminary injunction as: "(1) irreparable injury to the plaintiff; (2) balancing of harms to the defendant; (3) likelihood of success on the merits; and (4) the public interest, if any", citing *Rosario-Urdaz v. Rivera-Hernández*, 350 F.3d 219, 221 (1st Cir. 2003).

8. The issue of injunctive relief against mortgage foreclosure was the subject of *Commonwealth*

---

[1] See Exhibit 1. Note that the Notice of Foreclosure Sale does not identify the owner of the loan, i.e. FNMA.

*vs. Fremont Investment & Loan* (aka Fremont Reorganizing Corporation), 452 Mass. 733 (2008). The Supreme Judicial Court there held "To carry its burden under G.L. c. 93A, § 3, of demonstrating that a regulatory scheme "affirmatively permits the practice which is alleged to be unfair," Fremont [the lender] must show that some regulatory scheme affirmatively permitted the practice of combining all of those features."

9.   Here, the transaction is shown to violate sections of the General Laws that specify that injunctive relief is available. The *Fremont* case indicates that injunctive relief is available even if the statutory conditions in c. 183 and 183C are not all violated. *Fremont*, 452 Mass. at 748-748. While the Complaint alleges violations for which those statutes authorize injunctive relief, another count is based in the common law, which is consistent with the statutes and emanates, like the *Fremont* decision, from the "an established concept of unfairness in issuing loans without meaningful consideration of borrowers' ability to repay," *id.* at 749 (fn. 25).

C.   Effect of Service of Notice of Rescission Under CCCDA.

10. Mass. G. L. c. 140D, the Consumer Cost Credit Disclosure Act, is the state law corollary to the federal Truth In Lender Act codified at 15 U.S.C. 1601 et seq. The United States Supreme Court recently addressed the effect of service of a notice of rescission, ruling flatly that upon mailing, it is effective. *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. ___, 135 S.Ct. 790, 190 L.Ed.2d 650 (slip op. at 5). Similarly as to the *Jesinoski* case, Plaintiff sent a Notice of Right to Cancel, signed in the place indicating that he wishes to rescind the loan.

11. Plaintiff claims that the extended rescission period is operative. If the required disclosures are not given to the borrower, under CCCDA, he may cancel the loan within four years after consummation. Plaintiff sent notice of rescission on June 12, 2012, well within this period. As to whether the extended rescission period was operative, he states that as in the *Jesinoski* case, he received only one Notice of Right to Cancel, but the Truth In Lending disclosure statement

3

(TIL) was also in error and not within the one half of one percent tolerance. Specifically, the TIL (verified by the Itemization of Amount Financed) did not mention the interest collected by the lender. The Settlement Statement incorrectly states that a credit was allowed borrower $102.64 because the loan would not be funded until December 3, 2009. However, the lender, according to the Note, was paid for interest for the period from December 3, 2009, to January 1, 2010, in the usual fashion. The pre-paid interest came to $1,488.28. The lender also collected three months of city taxes in escrow, when it was only needed two. By the time the property taxes needed paying, the lender would have been paid enough to pay the taxes from the payments. This $545.15 was a hidden fee under the regulations. The title insurance policy required by the lender was excessive. The standard $2.5 per thousand was exceeded by $88.50, and another unexplained $25 fee was included, adding another $113.50. The total of this, $2,146.93, exceed the tolerance, $1,742.50, for Finance Charge on the TIL.

    D. <u>Effect to Failure Owner of Loan in the Notice of Foreclosure Sale.</u>

12. The Notice of Foreclosure Sale must clearly identify the entity "who is foreclosing and selling the property". *U.S. Bank National Association v. Ibanez*, 458 Mass. 637, 648 (2011). The statute at Mass. G. L. c. 244, § 14 speaks of the "mortgagee, which refers to the person or entity which holds the underlying mortgage note. *Eaton v. Federal National Mortgage Association*, 569, 584 (2012).

13. If the Notice of Foreclosure Sale fails to identify the mortgage in accordance with c. 244 § 14, the resulting foreclosure sale is void ab initio. *Bottomly v. Kabachnick*, 13 Mass. App.Ct. 480, 484 (1982).

    E. Argument

14. In the case at bar, the plaintiff's case could be virtually defeated at the outset if his property is foreclosed and he is evicted, only to have the latest deeds mortgage struck as invalid or

reformed and then have to fight an uphill battle to have the mortgage sale set aside so his family can get their property back. Foreclosure and eviction create a personal upheaval that can interfere with the ability to maintain the litigation and, indeed, make it impossible even to answer discovery because of the loss of personal records.

15. In the *SMS Financial* case cited above, the possibility of irreparable harm and the need to keep the status quo were paramount, and the mortgagee was enjoined from foreclosing for the duration of the case, which the Appeals Court emphasized was precisely the desired result.

16. The *Fremont* case has proceeded to a recently announced settlement where the parties are aggressively renegotiating the affected loans and administratively implementing the common-law principle that borrowers are not asked to repay more than they are able but lenders are only punished to the extent that the ability to repay does not meet the loan's schedule. The decisions emphasize, however, that where a statute says that a loan may be annulled and foreclosure enjoined, <u>that relief is available</u> and particularly where a lender takes advantage of the one-sided nature of the protections available, for instance by failing to voluntarily agree to modify a loan and insisting on litigation to resolve the matter.

17. The Plaintiff requires protection from the loss of his home which would be catastrophic. It is more than foreseeable that, should he lose his home, he will not be able to continue with the prosecution of this case; the Plaintiff could be exception to that rule but the upheaval generally has that result.

18. The Plaintiffs also have a strong likelihood of prevailing on the merits of the case. The Supreme Judicial Court in *Commonwealth vs. Fremont Investment & Loan* (aka Fremont Reorganizing Corporation), No. SJC-10258 (December 9, 2008) stated "Because we agree with the judge that Fremont violated an established concept of unfairness in issuing loans without meaningful consideration of borrowers' ability to repay, we need not look to other concepts of

5

unfairness such as unconscionability." *Id.*, note 25.  The Plaintiffs here were given a loan which the lender could predict he would be unable to repay, given his then-current circumstances.

19.  The Supreme Judicial Court in *Mayo v. Key Financial Services, Inc.*, 424 Mass. 862 (1997) defined a standard of strict adherence to the language of G. L. c. 140D § 10.  The statutory threshold at that time was $10, and the lender argued this was not a 'material' violation, with references to the similar language in TILA, 15 U.S.C. 1601 et seq., and the decisions made in the Federal Courts.  Sweeping such assertions aside, the SJC held that the $300 inaccuracies were, simply, more than the $10 allowed.  The statutes have since been amended, as is the right of the legislature, following similar changes in TILA, but there remains a $35 threshold which allows for rescission in the face of foreclosure or one-half of one percent when a foreclosure has not instituted.

20.  Even so, the error in the present case amounts to much more than the one-half of one percent of the loan amount, or $1,742.50.  When factoring in an apparent arithmetic error in the TIL's payment schedule, the underdisclosure comes to $2,146.93.

21.  The *Fremont* case, as well as a similar case taken on by the Attorney General's office against Option One Mortgage Corporation (now known as Sandy Beach Corporation), have sought and obtained injunctions against foreclosure on any loans give by the respective lenders.  The Attorney General's office has relied on the policy interests shown by the enactment of Chapter 183C, the High Cost Home Loan statute, and argued successfully that the interest rate increases are hidden fees that should have been disclosed, and the failure to properly disclose the true costs of the loans is a violation of the chapter and by operation of G. L. c. 183C, § 18 (a) a violation of G. L. c. 93A.  This statutory approach is contrasted by the Supreme Judicial Court ruling that refers to common law principles of lending, namely that if a lender cannot establish to its own satisfaction that a borrower can repay a loan, and the borrower indeed cannot, then

6

the loan is not enforceable, and a lender may not look to the property value in lieu of a

borrower's ability to pay, as that works a taking of property in the guise of making a loan, for a

total outlay of much less than full consideration and engineering a much greater profit in the

process.

22. Here we have the direct violation of a chapter, 140D, which indicates it is also a violation of

93A. Since 93A authorizes this Court to issue injunctions to promote its enforcement, the Court

has ample authority.

23. Rescission, of course, is permitted only until transfer of title of the property. G. L. c. 140D §

10(f).

### F.  Action of the Defendant Ditech Financial, LLC

24. Defendant Ditech Financial, LLC has sent notice of a foreclosure sale to be held on or after

January 6, 2016.

25. There is a genuine need to have an injunction issue before January 6, 2016, at which point the

Court can rule on a  Motion for a Preliminary Injunction.

### G.  Proposed Temporary Order

26. Plaintiffs request that the Defendant be restrained from foreclosing or taking any other steps to

perfect its mortgage lien interests during the pendency of this litigation and without further

order of this Court.

27. There are costs associated with the property including insurance and property taxes and the

Plaintiffs will make those payments and otherwise provide security for the Defendant. There is

sufficient equity in the property that a further bond is not necessary, but the Plaintiffs are willing

to escrow a reasonable amount.

### H.  Discussion of Bond

28. Plaintiffs ask that the bond requirement be waived. For one thing, there is sufficient security in

the value of their house.  For another, the payments already made the Defendants, which the

Defendants have failed to return or to pay to the Court, represent wholly adequate security upon

the facts of this case.

I.   Conclusion and Relief Sought

29. The Plaintiffs ask this Court to stay any action by the defendant Ditech, and any unknown

successors in interest to foreclose their mortgage, prior to final disposition of this case.

30. The Plaintiffs respectfully request this Court consider and issue any further order of relief which

in its wisdom it should deem meet and proper.

RESPECTFULLY SUBMITTED this _23ᵈ_____ day of December, 2015,
for the plaintiff, Michael V. Porcello.

Michael V. Porcello, Plaintiff

8

## Certificate of Service

I hereby certify that the above-captioned MEMORANDUM IN SUPPORT OF MOTION TO ENJOIN FORECLOSURE SALE was served by first class mail on the attorneys for the Defendants:

Harmon Law Offices, P.C.                        (for Defendant Ditech Financial LLC Company)
150 California Street
Newton, MA 02174
617-558-0500

together with notice that the same will be brought forward this day in the Superior Court holden in Springfield, Massachusetts.

Signed this 23rd day of December, 2015.

Michael V. Porcello, Plaintiff

9

# Commonwealth of Massachusetts
## Trial Courts of the Commonwealth
## Superior Court Department

Hampden, SS}

Case No. _____

MICHAEL V. PORCELLO,
    Plaintiff

vs.

DITECH FINANCIAL LLC f/k/a/ GREEN
TREE SERVICING LLC. BANK OF
AMERICA, N.A. and FEDERAL
MORTGAGE NATIONAL ASSOCIATION,

Defendants.

### ORDER ENJOINING FORECLOSURE OF MORTGAGE

This matter having come before the Court on the Plaintiff's Motion to Enjoin

Defendant Ditech Financial LLC from Foreclosing, and the Court being fully advised

as to the merits thereto, it is now ordered:

1.   The Defendants are ordered to refrain from foreclosing on their mortgage interest

without further order of this Court;

2.   Plaintiff will escrow $500 per month to be applied as follows:

    a.   Payment of property taxes;

    b.   Payment of suitable insurance against property damage or typical

       homeowner's coverage;

3.   Plaintiff will notify Defendant and make application to this court to modify this

order if any new assessment on the property, cloud on title or upon an increase in the

costs listed in Paragraph 2..

4.    This Order will remain in effect during the pendency of the case, until or unless

modified by further order of court of appropriate jurisdiction or incorporated in the

final judgment.

By the Court

_____, J

Dated:

## Certificate of Service

I hereby certify that the above-proposed **ORDER ENJOINING FORECLOSURE OF MORTGAGE** was served by first class mail on the attorneys for the Defendants:

Harmon Law Offices, P.C.                       (for Defendant Ditech Financial LLC
150 California Street                          Company)
Newton, MA 02174
617-558-0500

together with notice that the same will be brought forward this day in the Superior Court holden in Springfield, Massachusetts.

Signed this 23rd day of December, 2015.

Michael V. Porcello, Plaintiff